USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/14/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X
HARA PAUL,                            :    12 Civ. 4340 (LAP)
                                      :
                 Plaintiff,           :
                                      :    ORDER
        v.                            :
                                      :
ALLIED INTERSTATE, INC.,              :
                                      :
                 Defendant.           :
-------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

   On August 23, 2012, Plaintiff filed a motion seeking attorneys' fees and costs incurred in connection with Plaintiff's action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA"). Plaintiff has accepted a modest offer of judgment made by Allied Interstate, Inc. The offer of judgment included reasonable costs and attorneys' fees. Plaintiff seeks $3,559.50 in fees and costs.

   The Court referred the attorneys' fees motion to Magistrate Judge Freeman, who issued a Report and Recommendation on January 30, 2013 (the "Report") which considered and assessed the detailed time records provided by the Kimmel Firm. The Report recommended that Plaintiff be awarded $1,445 in fees and $350 in

costs, for a total award of $1,795.[1] (Report at 63.) The Report advised that the parties shall have fourteen days from service of the Report to file written objections. Neither party submitted any objections to the Report. For the reasons set forth below, the Court adopts the Report in its entirety.

A district court may adopt portions of a magistrate's report to which "no specific, written objection" is made, as long as those sections are not clearly erroneous. See Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985). A district judge may accept, reject, or modify, in whole or in part, the findings and recommendation of the magistrate. See DeLuca v. Lord, 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994).

The Report is not clearly erroneous. Magistrate Judge Freeman's determinations are supported by the law and the record in all material respects. Magistrate Judge Freeman used the "lodestar" method, which is arrived at by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate," Hensley v. Eckerhart, 461 U.S. 424

---

[1] In the Report, Magistrate Judge Freeman recommended awarding "$1,445 in fees and $350 in costs, for a total award of $1,995." (Report at 63.) The Court notes that the sum of those numbers is $1,795. With respect to Plaintiff's costs, the Report later states that "Plaintiff Paul should also be reimbursed for the $550 in fees reflected on the Court's docket." (Id. at 64.) However, the docket reflects $350 in fees. [Dkt. no. 1.] Accordingly, it appears that the Report intended to reflect an award of $1,445 in fees and $350 in costs for a total award of $1,795.

2

(1983), to evaluate Plaintiff's request for attorneys' fees and costs and modified the requested amount from $3,559.50 to $1,795.

For the reasons stated herein, the Court adopts the Report in its entirety.

Plaintiff's motion [dkt. no. 20] is GRANTED and the Clerk of the Court is respectfully requested to enter judgment for Plaintiff in the amount of $1,795.

SO ORDERED.

Dated:   New York, New York
         March 11, 2013

_____
LORETTA A. PRESKA,

CHIEF U.S.D.J.